UNITED STATES OF AMERICA, Appellant, *v.* REGISTRAR OF PROPERTY ·OF SAN GERMÁN, Respondent.

No. 1010.   Submitted November 1, 1937.—Decided November 24, 1937.

*A. Cecil Snyder* for appellant.   The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Miguel Avilés Vizcarrondo, the owner of a property of 59 acres (*cuerdas*) in the ward of Caín Alto, of San Germán, segregated by deed number 63 of May 3, 1937, three acres to form with them a separate property and record it under a distinct number in the Registry.

On June 25, 1937 he sold the segregated parcel to the United States of America, by deed number 128, which he executed on June 25, 1937, together with his wife Ruperta Cruz Cherena, in favor of Jorge E. Frank, as representative of Ernest H. Gruening, Administrator of the Puerto Rico Reconstruction Administration.

Deed No. 128 above mentioned was presented to the registry for record accompanied with deed No. 63 (*supra*) as a complementary instrument and the registrar refused to· rec-

ord it stating his reasons in the ruling by which he refused to make the record and which reads as follows:

"Record is denied of the sale to which the foregoing instrument refers, and a cautionary notice for the legal period of 120 days is made, in favor of the United States of America, at folio 15 of volume 126 of San Germán, property number 4513, annotation letter A, for the following reasons:

"(a) Because the property of which record is sought was segregated from another property of a greater area, and such segregation is not recorded as a separate property in favor of the vendor Avilés Vizcarrondo, according to the definite provisions of the Mortgage Law in its Section twenty, which requires the previous record of the rights transferred.

"(2) Because in the instant case what has been precisely sought is to avoid payment of the corresponding fees for the previous record of said segregation, as it may be seen from the marginal note to the notice of presentation number 296 of volume 110 of the Diary, by which deed number 63 which now is accompanied as a complementary instrument, to record first said segregation in favor of Mr. Avilés Vizcarrondo, but without including in stamps the corresponding fees for the same, for which reason the instrument was returned without any action having been taken.

"(3) And because there is a title which must first be recorded in this Registry, which is said deed number 63 now presented as complementary, in order to record the sale in favor of the United States of America, and in no manner is it done away with the obstacle of the previous record, by presenting said deed as complementary instrument.

"The property is subject to the mortgage in favor of the Federal Land Bank of Baltimore mentioned in this instrument, to another in favor of Horacio Pagán and to an agricultural contract in favor of the South Porto Rico Sugar Company of Porto Rico, all of which liens affect the main property."

The appellant felt aggrieved by said ruling and seeks to reverse the same by this administrative appeal.

In order to record the purchase and sale in favor of the Puerto Rico Reconstruction Administration it was not necessary to record first the parcel of land segregated in the name of the vendor who made the segregation. As the deed

348

by which the parcel of three acres was segregated and the deed of sale of said parcel to the Puerto Rico Reconstruction Administration were presented to the Registry, the respondent Registrar could and should have recorded the new property in the name of the Puerto Rico· Reconstruction Administration, as the titles by which the transfer was made were already recorded in the name of the previous owner. See Act No. 103 of May 12, 1937 (laws, p. 251).

█ Nor was the respondent justified in demanding the fees to which the second paragraph of his decision refers, as "the United States of America, the Puerto Rico Reconstruction Administration and the Administrator of said Federal agency" were exempted from their payment by a law of the Legislative Assembly Law No. 78 of May 10, 1937 (laws, p. 217).

The decision appealed from must be reversed and, in consequence thereof, the record sought must be made.

Mr. Justice Córdova Dávila took no part in the decision of this case.